No. 2,336.

S. C. HASTINGS, APPELLANT, v. ROGER O'DONNELL, (Administrator
    of the Estate of HUGH O'DONNELL, deceased.) RESPONDENT.

VENDOR AND VENDEE.— WARRANTY.—Where a tenant in possession by deed
    of bargain and sale conveys the premises occupied by him, for a valuable
    consideration and his vendee is subsequently ejected by the landlord, in the
    absence of warranty or with only special warranty against the acts of
    the vendor, the vendee is not entitled to relief either in law or equity
    against his vendor.

IDEM.—CONCEALMENT.—FRAUD.—Concealment of the fact by a vendor, of
    real property that he holds merely as tenant, does not constitute such
    fraud as will entitle his vendee to relief in equity.

APPEAL from the District Court of the Twelfth District, City and County of San Francisco.

The complaint alleges that on the 31st day of January, 1853, Hugh O'Donnell, then in life, was in the occupancy of certain premises in the city of San Francisco as the tenant of James Lick, holding over after the expiration of a verbal lease made to him by Lick in 1849; that on said 31st day of January, 1853, Hugh O'Donnell, for the consideration of four thousand dollars, conveyed to plaintiff and one Isaac Thomas an undivided half of said premises which he claimed to hold under conveyance from Antonio Bajan, and on the 19th of January, 1853, conveyed to plaintiff and said Thomas the remaining undivided half of said premises for a like sum of four thousand dollars with a special warranty against all persons claiming by, through, or under him; that Hugh O'Donnell was well aware at the time of said sales that he was the tenant of Lick, and that plaintiff and his co-grantee Thomas were entirely ignorant of that fact, or that he occupied the premises otherwise than as the owner thereof in his own right; that said Hugh O'Donnell fraudulently and deceitfully concealed from plaintiff and his co-grantee the fact that he was the tenant of Lick, for the purpose of defrauding them out of the purchase price of said premises to wit: the sum of eight thousand dollars; that, in 1857, Thomas conveyed to plaintiff his interest in the premises; that in 1855, an action was instituted by James Lick against plaintiff and others for the recovery of the premises, and in 1867 judgment of eviction was rendered against plaintiff, after which plaintiff purchased from Lick his title for the sum of seven thousand five hundred dollars; that after the judgment of eviction and the purchase by plaintiff of Lick's title, he presented to the defendant Roger O'Donnell, administrator of the estate of Hugh O'Donnell—who had died in the meantime, his claims against the estate for two sums of four thousand dollars each, with interest on them respectively from the 31st of January and the 19th of February, 1853; which claims were rejected by said administrator;

whereupon plaintiff brings this suit and prays that defendant may be decreed to pay him in due course of administration of said estate the amount of said claims with interest and costs of suit.

To this complaint defendant demurred on the ground that the complaint does not state facts sufficient to constitute a cause of action.

The demurrer was sustained, and the plaintiff having failed to amend within the time granted by the Court, judgment was entered for defendant, from which judgment and the order sustaining the demurrer plaintiff appeals.

*W. H. Patterson*, for Appellant.

In cases where a party is entitled to relief by reason of fraud in the sale of lands, both Courts of law and Courts of equity grant relief upon precisely the same legal principles; and the party defrauded has his choice of remedies, either to sue for compensation in damages, or file his complaint in equity as upon a recision of the conveyance ; pursuing the latter remedy, it must be possible to place the parties in *statu quo,* or so nearly so as not to make a *substantial* prejudice to the party against whom the fraud is alleged in respect of the subject conveyed. It must be a very special case which will authorize the injured party to come into a Court of equity to have a contract partially rescinded, and it must be one in which the Court can see that no possible injustice will be done.

Let us apply this exceptional test to the case at bar. The defendant's intestate conveyed a pretended title to the plaintiff and his associates, and represented that he was the owner of the fee which he assumed to convey. Under this title the purchasers went into possession; ultimately by the judgment in the action brought by Lick, it was adjudged and determined that O'Donnell had no title—and his deeds conveyed none. Now, in order to entitle the plaintiff to come into equity and set up the fraud as upon a recision of the deeds, to recover the consideration in money, is he bound, as a preliminary condition, to surrender up the pos-

session to the party who has defrauded him out of the consideration in money? Why the necessity of a surrender to one who has no claim to the possession? The judgment in the ejectment determining all his rights, not alone to the title, but to the possession, as the tenant of Lick, as well. Without surrender, are not the parties substantially in *statu quo?* And will not a Court of equity protect the party who has been defrauded, so far as to permit him to buy the true title in order to save his improvements, which have been made on the faith of the false representations? We think the case of *Bradley* v. *Bosley,* (1 Barb. Ch. 125) and the authorities therein cited by the Chancellor, fully sustain this view.

That the vendor had an equitable title to the present use, as the tenant of Lick, when he conveyed to plaintiff and his associate, which passed to them, suggests no difficulty, because a promise to pay for the use and occupation cannot be implied from the deeds. *(Fletcher* v. *Button,* 4 Comstock, N. Y. R. 396—affirming Sup. Ct. in 6 Barbour, 646.)

Therefore the plaintiff retains nothing which in equity he ought to restore—and is, as against all persons whomsoever, entitled to retain his possession under his after acquired and true title.

*Delos Lake,* for Respondent.

No representations whatever are charged to have been made by Hugh O'Donnell, respecting his title to the premises. In such cases the rule of *caveat emptor* applies as well to the purchase of real estate as of personal property. The plaintiff and Thomas, both of them lawyers, purchased on their own judgment of the title. They asked no questions of O'Donnell, and he volunteered no declarations as to the title. How can an action for fraud, under such circumstances, be maintained? In *Peabody* v. *Phelps,* (9 Cal. 213), it is held that an action for a false and fraudulent representation as to the naked fact of title, in the vendor of real estate, cannot be maintained by the purchaser, who has taken possession of the premises sold under a conveyance

with an express warranty. And see, also, the authorities cited by the appellant's counsel in *Peabody* v. *Phelps*, (on pages 217 *et seq*). Under these authorities, even if O'Donnell had represented in express terms of the strongest character, that he was the sole owner of the land, and that no relation of landlord and tenant subsisted between him and Lick, no action could be maintained. Parties purchasing real estate must, as they always do, examine the title for themselves, and rely upon their own judgment. And it is only when the representations of the vendor relates to something collateral to the title, that an action can, in any event, be maintained. And this is the distinction between the present case and the case of *Purdy & Milliken* v. *Bullard, et al.* now pending before this Court. It is very clear that the complaint makes out no cause of action.

As we have said, O'Donnell made no representations. He was in possession of the premises in question. The plaintiff and Thomas propose to buy—what? Why, the interest of O'Donnell in the premises, whatever that might be. In those days it was universally understood that the purchaser of real estate under a quit-claim deed, took just what interest his vendor had, no more.

Lands and tenements held by no stronger tenure than possession, may be the subject of sale and transfer; *(Johnson* v. *Rickett*, 5 Cal., 218; *Norton* v. *Jackson*, Id. 262; *Parker* v. *Crain*, 6 Wend. 647.

It is the duty of a party about purchasing real estate, to investigate the title for himself; and where the vendor does not act, and says no words to interfere with such investigation, or to lead the vendee estray in his examination and search of the title, there is no principle of law or equity by which he can be held responsible to the vendee in a civil suit. The maxim in such case is always *caveat emptor.*

SPRAGUE, J., delivered the opinion of the Court, CROCKETT, J., RHODES, C. J., and TEMPLE, J., concurring :

The facts stated in plaintiff's complaint do not constitute a cause of action at law, nor do they present a proper

ground for equitable relief. There is no pretense that plaintiff has a right to recover upon the covenants of the deeds of defendant's intestate, nor are any facts stated upon which a Court of equity could grant the relief prayed for, or any relief whatever, as against Hugh O'Donnell, if living, or the defendant, as administrator of his estate.

Judgment affirmed.

WALLACE, J., having been of counsel, did not participate in the decision.